IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR STRAUSSER and | : |
| NELSON LUZZETTI | : CIVIL ACTION |
| on behalf of themselves and all others | : |
| similarly situated, | : C.A. No. 06-5109 |
|                 Plaintiffs, | : |
| | : |
|                 v. | : |
| | : |
| ACB RECEIVABLES MANAGEMENT, INC. | : |
| d/b/a AFFILIATED COLLECTION BUREAU, | : |
|                 Defendant. | : |

<u>MEMORANDUM</u>

**O'NEILL**                                                                 **March 28, 2008**

      Presently pending is plaintiffs' Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23, defendant's Response thereto and plaintiffs' Reply. For the reasons set forth below, plaintiffs' motion will be granted.

I.      BACKGROUND

      Plaintiffs filed a motion seeking class certification for claims brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.. The proposed class consists of all persons in the Commonwealth of Pennsylvania and the State of New Jersey for whom, following its receipt of a dispute from a consumer reporting agency, defendant failed to mark an account as disputed during period beginning one year prior to the filing of this action and up through the date of judgment. Plaintiffs claim that defendant has a policy of failing to report debts and/or collection accounts as "disputed" after defendant receives notification from a credit reporting that a consumer has disputed the debt. Plaintiffs allege that upon notification of a disputed debt defendant fails to: perform investigations regarding the disputed information; review the

information provided by the credit reporting agency; and, report the results of defendant's investigation to the credit reporting agency. Plaintiffs maintain that defendant's failures are in violation of the Fair Debt Collection Practices Act.

Defendant opposes the motion for class certification. Defendant argues that plaintiffs' motion must be denied because plaintiffs' class theory depends upon individual determinations of whether each putative class member disputed the debt, whether the type and nature of the dispute required defendant to respond, and upon defendant's basis for not marking an account as "disputed." Defendant asserts that plaintiffs' claims require mini trials in which the Court would have to examine individual claims and proof. Consequently, defendant concludes that class certification is not warranted because plaintiffs cannot demonstrate numerosity, commonality, typicality, or superiority.

Plaintiffs respond and assert that individual proofs are unnecessary in this action. Instead plaintiffs aver that this matter is narrowly focused upon a single dispute form document entitled a "CDV." Plaintiff claims that defendant utilizes CDVs to report data concerning consumer debts to credit reporting agencies. Plaintiffs maintain that the Fair Debt Collection Practices Act requires that defendant indicate on the CDVs all debts defendant knows or should know are or were disputed. Plaintiffs seek an order from this court certifying this matter as a class action and approving lead Plaintiffs Albert Strausser and Nelson Luzzetti as class representatives. Plaintiffs claim that defendant sent CDVs to the credit reporting agencies regarding Strausser's and Luzzetti's respective debts without identifying those debts as disputed. Plaintiffs assert that the class is narrowly defined and easily distinguished by simply determining whether defendant sent a CDV to a credit reporting agency concerning a class member' respective debt.

II.     DISCUSSION

Federal Rule of Civil Procedure 23(a) establishes four prerequisites to certifying a class action:  (1) the class is so numerous that joiner of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Additionally, to certify a class the court must find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed.R.Civ.P. 23(b)(3).  I find that plaintiffs have satisfied the prerequisites of numerosity, commonality, typicality, and superiority.

A.      Numerosity

When the exact size of a class is unknown a court may accept a common sense determination in order to support the finding of numerosity.  Moskowitz v. Lopp, 128 F.R.D. 624 (1989).   Plaintiffs allege that defendant responded to a minimum of 1,600 CDV consumer dispute forms.  Defendant does not dispute plaintiffs' allegation but argues that plaintiffs are prohibited from using this number.  Defendant asserts that the number is inadmissible because it is being offered to prove defendant's liability and was only provided to plaintiff for the purpose of negotiating a compromise.  However, plaintiffs noted that in response to plaintiffs' interrogatories defendant stated that it received 1,600 CDV consumer dispute.  Accordingly, defendant's argument regarding inadmissibility is without merit.  I conclude that joiner of all members of the proposed class is impracticable.  Therefore, plaintiffs have satisfied the

numerosity requirement.

    B.  Commonality

Commonality requires that the named plaintiffs share at least one question of law with the claims of the prospective class.  Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994).  Plaintiffs allege that in violation of the Fair Debt Collection Practices Act defendant adopted a policy of failing to indicate that debts were disputed when defendant communicated with the credit reporting agencies.  Defendants claim that plaintiffs' proposed class definition will require complex individual determination of whether: (1) each putative class member disputed the account to a credit reporting agency; (2) the reporting agency provided proper and sufficient notice of the alleged dispute to defendant; (3) the type of alleged disputed required a response from defendant; (4) defendant marked the account as "disputed;" and, (5) the credit reporting agency failed to report the account as disputed.  Defendant maintains that each of these issues require court examination with respect to every putative class member and also requires individual proof.

Despite defendant's contentions I find that court examination of individual claims and offers of proof is not necessary.  As plaintiffs note, the CDV form is a standard document.  Plaintiffs allege that defendant utilizes the CDVs to respond to notifications of consumer credit disputes.  The factual issue in this matter is whether the CDVs indicated whether the debts were disputed as plaintiffs assert is required.  The legal issue is whether the debts were required to be reported as disputed.  I conclude that common questions of both law and fact exist. Therefore, the commonality requirement has been satisfied.

C.    Typicality

Typicality requires that the claims of the class representative be typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). Plaintiffs allege that defendant engaged in a policy and pattern of wrongdoing by failing to inform credit reporting agencies that certain consumer debts were disputed. Defendant's argument regarding typicality is similar to the argument it asserts in opposition to plaintiff's allegations of commonality. However, plaintiffs' claims are based upon defendant's use of a standard CDV form. All putative claims relate to whether the CDV appropriately indicated whether a debt was disputed. Plaintiffs' claims are typical of the claims of the putative class. Therefore I conclude that the claims of the proposed class representatives are typical of the claims of the class. Thus the typicality requirement is satisfied.

D.    Adequacy of Representation

Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class. Weiss v. York Hosp., 745 F.2d 786, 811 (3d Cir. 1984). Defendant does not raise any objections to class certification based upon the qualifications of plaintiffs' counsel. Defendant does not argue that plaintiffs are not adequate representatives of the class. Upon review, I find that the adequacy of representation requirement has been satisfied.

Finally, in addition to satisfying the requirements set forth in Fed.R.Civ.Pro 23(a) plaintiffs must also demonstrate that the proposed class action can be maintained under one of the categories of of Fed.R.Civ.P. 23(b). Plaintiffs seek certification under Fed.R.Civ.P 23(b)(3). To certify a class pursuant to Rule 23(b)(3) the court must find that questions of law or fact

common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Id.  Defendant asserts that class certification is not warranted in this matter because individual questions of fact and law predominate over common questions. Defendant also argues that a class action is not superior to other available methods of adjudication because ,due to defendant's low net worth, the amount of the possible aggregate recovery for the class is less than that available to class members if they pursued their claims individually.

     Defendant's argument is unpersuasive.  I find that common questions of fact and law predominate.  The central issue in this matter is whether defendant reported certain debts as disputed as it may have been required to do pursuant to the Fair Debt Collection Practices Act. The common questions of law and fact predominate over any individual distinctions. Furthermore, defendant's purportedly low net worth is not a basis for this court to deny class certification.

     For the foregoing reasons plaintiffs' motion for class certification will be granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR STRAUSSER and : | |
| NELSON LUZZETTI : | CIVIL ACTION |
| on behalf of themselves and all others : | |
| similarly situated, : | C.A. No. 06-5109 |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| ACB RECEIVABLES MANAGEMENT, INC. : | |
| d/b/a AFFILIATED COLLECTION BUREAU, : | |
| Defendant. : | |

## ORDER

AND NOW, upon consideration of plaintiffs' Motion for Class Certification and defendant's response thereto, IT IS, this 28th day of March 2008, HEREBY ORDERED that plaintiffs' motion is GRANTED.  IT IS FURTHER ORDERED that this action shall be maintained as a class action in accordance with Federal Rule of Civil Procedure 23(b)(3) pursuant to the following findings of fact:

1.    Plaintiffs bring this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:  All consumers in the Commonwealth of Pennsylvania and the State of New Jersey for whom, following its receipt of a dispute from a consumer reporting agency, Defendant failed to mark an account as disputed during the one year period beginning one year prior to the filing of this action and up through the date of judgment.

2.    There are questions of law and/or fact common to the Class, including but not limited to the principal question whether defendant violated the federal Fair Debt Collection Practices Act by failing to mark disputed debts as disputed during the applicable time period.

      3.      The claims of plaintiffs Arthur Strausser and Nelson Luzzetti are typical of the claims of the Class;

      4.      Plaintiffs will fairly and adequately protect the interests of the Class;

      5.      The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members;

      6.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

IT IS FURTHER ORDERED that plaintiffs Arthur Strausser and Nelson Luzzetti are certified as Class representatives; and it is further ORDERED, that excluded from the Class are all officers and directors of the defendant.

IT IS FURTHER ORDERED that James A. Francis, Mark D. Mailman, and John Soumilas of the law firm of Francis & Mailman, P.C. as well as David A. Searles of the law firm of Donovan Searles, LLC shall serve as Class counsel; and it is further ORDERED, that Plaintiff shall submit a proposed form of notice to the Class within thirty (30) days of entry of this Order.

/s/ Thomas N.O'Neill

_____

O'Neill, J.